UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: Walker Russell Harter Sr. | CASE NO: 19-02789-dd |
| DEBTOR/OBJECTOR | CHAPTER: 7 |
| -vs- | |
| The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart, | NOTICE OF MOTION/APPLICATION AND OPPORTUNITY FOR HEARING |

NOTICE OF OBJECTION TO

Walker Russell Harter Sr. has filed papers with the court to Object to the Claim of The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart,

<u>**Your rights may be affected**</u>. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Objection, or you want the court to consider your views on the objection], then within 30 days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

- 1 -

    Philip Fairbanks, 1214 King Street, Beaufort, SC 29902

    Attend the hearing scheduled to be heard on February 25, 2020 at 9:00 a.m. at the United States Bankruptcy Court, 145 King Street, Room 225 Charleston, SC.

    If no response, return, and/or objection is timely filed and served, no hearing will be held on this objection, except at the direction of the judge.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: January 8, 2020

/s/ Philip Fairbanks
Signature of Attorney/*Pro Se* Debtor
Philip Fairbanks
1214 King Street
Beaufort, SC 29902
843.521.1580
843.521.1590
DCID#756

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

IN RE:

Walker Russell Harter, Sr.,

        Debtor/Objector,

-vs-

Estate of Jack Morris, Harry Mole,
Evelyn Mole, Bobby Wilson, Jr., Michael
Artie Howard, Akeya Johnson, Sharon
Duggan, Laquintun Davis, Ulysee Bunch,
Wilbert Golden, Teresa Golden, Bobby
Wilson, Sr., James Freeman, Vincent Tony
Howard, and Dominique Stewart,

        Claimants.

Chapter 7
Case No.: 19-02789-dd

## OMNIBUS OBJECTION TO CLAIMS PURSUANT TO RULE 3007(d) & (e) and MEMORANDUM IN SUPPORT

**TO THE ABOVE-NAMED CLAIMANTS. DEBTOR IN THIS CASE HAS FILED AN OBJECTION TO YOUR CLAIM. YOU SHOULD CONSULT THE ATTACHED LIST OF CLAIMANTS WHOSE CLAIMS ARE INCLUDED IN THE OBJECTION AND CONSULT YOUR ATTORNEY. YOUR CLAIM MAY BE AFFECTED.**

    TO: Richard R. Gleissner, Esquire and Peter D. Protopapas, Esquire: Attorneys for the Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., James Freeman, Vincent Tony Howard, and Dominique Stewart:

    PLEASE TAKE NOTICE that Debtor, by counsel, objects to the claims of the above-named claimants in the amounts set forth in Claims No.: 5 through 16 and 18 through 20, inclusively, filed in the above-captioned case on December 9, 10 & 11, 2019, and any amendments thereto by Richard R. Gleissner, Esquire, Gleissner Law Firm, LLC 1237 Gadsden Street, Suite 200A Columbia, SC 29201, pursuant to 11 USC §§ 501 and 502, and Rule 3007 of the Federal Rules of Bankruptcy Procedure (FRBP). An alphabetical list of Claimants, with the Claim Numbers, and amounts of the claims is attached to this document.

In support of the filing of this *omnibus* objection to claims, Debtor would show that "all the claims [subject to this objection] were filed by the same entity...." *Rule 3007(d)*. In addition, Debtor would show that the claims are (1) based on substantially identical default judgments entered against Debtor in a single state court proceeding and (2) are due to be dismissed on identical *substantive* grounds.

In the event the Court determines that the claims must be objected to on an individual basis, Debtor respectfully requests leave to amend his objection so as to set forth an individual objection to each claim.

The grounds for Debtor's objection to each of the claims included are:

1. The Proofs of Claim filed by counsel for each of the objectionable claims lack proper or supporting documentation for the claims, including, but not limited to the basis for the validity of or the amounts of the claims.

2. Each of the specified Proofs of Claim fails to comply with Rules 3001 and 3002.

3. Each of the specified Claims is included in Debtor's schedules as a disputed claim.

4. Each of the specified Proofs of Claim is based on a default judgment entered against Debtor in a state court proceeding, and is thus not entitled to preclusive effect under applicable South Carolina law. *Kunst v. Loree*, 404 S.C. 649, 656, 746 S.E.2d 360, 363 (SC App 2013). *See also Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560, 568 (Bankr. DSC 2011) (accord).

5. Therefore, the specified Proofs of Claim are not entitled to the presumption of validity or amount pursuant to Rule 3001(f). *In re Devey*, 590 B.R.706 (Bankr. D.S.C. 2018) *citing, inter alia, In re Hilton*, C/A No. 12-61102, 2013 WL 6229100, at *5 (Bankr. W.D. Va. Dec. 2, 2013) ("[C]ourts have held that failing to supply [required] documentation ... deprives the claim of prima facie validity.")

6. Because the default judgments entered in the state court proceeding are not entitled to preclusive effect, including as to the basis for and amounts of the alleged debts, the included claims are in effect contingent and unliquidated.

7. The specified claims are not "allowed claims" under 11 USC § 502(a), because the Proofs of Claim fail to provide an adequate evidentiary basis for the validity or amount of the claims. They are consequently "speculative and unenforceable." *In re Devey, supra.*

8. Because the purported claims are unsupported by competent evidence, the evidentiary burden does not shift to the Debtor pursuant to § 502(a), rather claimants "had [both] the initial and the ultimate burden of proof...to establish their [c]laim[s]." *Id.*

9. Claimants have failed to "satisfy their burden of establishing [their] claim[s], and therefore, like plaintiffs who fail to meet their burden in a state court trial, their right to recovery fails" and as a result, Debtor's objection is entitled to be sustained based (among other grounds) on the claimants' failure to establish the enforceability of their claims. *See, 11 USC § 502(b)(1) & (f).*

10. Accordingly, Debtor is entitled to their dismissal or disallowance of the claims in their entirety. *Id., citing In re LJL Truck Center, Inc.,* 299 BR 663, 666 (Bankr MDGa 2003) (Claimants' failure to establish of their purported causes of action or entitlement to damages under any cause of action, resulted in disallowance of the claim in its entirety.).

WHEREFOR, Debtor, by counsel, requests that each of the specified claims be disallowed entirely, or, alternatively, be allowed as unsecured claims in the amount of $-0- each.

PHILIP FAIRBANKS, ESQ., P.C.

/s/ Philip Fairbanks
Philip Fairbanks    DCID # 756
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580
Email: *chris@lowcountrybankruptcy.com*

Beaufort, South Carolina

January 8, 2020

## **CLAIMS SUBJECT TO OMNIBUS OBJECTION**

| CLAIMANT | CLAIM # | AMOUNT OF CLAIM | DATE FILED |
| --- | --- | --- | --- |
| Bunch, Ulysee | 13-1 | $1,718,768.90 | 12-10-2019 |
| Davis, Laquintun | 12-1 | $1,718,768.90 | 12-10-2019 |
| Duggan, Sharon | 11-1 | $859,384.45 | 12-10-2019 |
| Freeman, James | 18-1 | $4,296,922.26 | 12-11-2019 |
| Golden, Wilbert | 14-1 | $2,578,153.35 | 12-11-2019 |
| Golden, Teresa | 15-1 | $2,578,153.35 | 12-11-2019 |
| Howard, Michael Artie | 9-1 | $859,384.45 | 12-10-2019 |
| Howard, Vincent Tony | 19-1 | $5,156,306.71 | 12-11-2019 |
| Johnson, Akeya | 10-1 | $859,384.45 | 12-10-2019 |
| Mole, Harry | 6-1 | $859,384.00 | 12-9-2019 |
| Mole, Evelyn | 7-1 | $859,384.45 | 12-9-2019 |
| Morris, Jack | 5-1 | $644,538.00 | 12-9-2019 |
| Stewart, Dominique | 20-1 | $25,781,533.55 | 12-11-2019 |
| Wilson, Jr., Bobby | 8-1 | $859,384.45 | 12-10-2019 |
| Wilson, Sr., Bobby | 16-1 | $2,578,153.35 | 12-11-2019 |

# United States Bankruptcy Court
## District of South Carolina

| In re | Walker Russell Harter, Sr. | | Case No. | 19-02879 |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | 7 |

## CERTIFICATE OF SERVICE

I hereby certify that on **January 8, 2020** a copy of **Omnibus Objection to Claims Pursuant to Rule 3007(d) & (e) and Memorandum in Support** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Richard R. Gleissner, Esquire
Gleissner Law Firm, L.L.C.
1237 Gadsden Street, Suite 200A
Columbia, South Carolina 29201

Attorneys for The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart

/s/ Philip Fairbanks
**Philip Fairbanks #756**
**Philip L. Fairbanks**
**1214 King Street**
**Beaufort, SC 29902**
**843-521-1580 Fax: 843-521-1590**