- 1 -

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: Walker Russell Harter Sr. | CASE NO: 19-02789-dd |
| DEBTOR/OBJECTOR | CHAPTER: 7 |
| -vs- | |
| The Estate of Marion F. Riley, Jr. | NOTICE OF MOTION/APPLICATION AND OPPORTUNITY FOR HEARING |

### NOTICE OF OBJECTION TO

Walker Russell Harter Sr. has filed papers with the court to Object to the Claim of The Estate of Marion F. Riley, Jr.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Objection, or you want the court to consider your views on the objection], then within 30 days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Philip Fairbanks, 1214 King Street, Beaufort, SC 29902

Attend the hearing scheduled to be heard on February 25, 2020 at 9:00 a.m. at the United States Bankruptcy Court, 145 King Street, Room 225 Charleston, SC.

If no response, return, and/or objection is timely filed and served, no hearing will be held on this objection, except at the direction of the judge.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: January 8, 2020

/s/ Philip Fairbanks
Signature of Attorney/*Pro Se* Debtor
Philip Fairbanks
1214 King Street
Beaufort, SC 29902
843.521.1580
843.521.1590
DCID#756

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

IN RE:

Walker Russell Harter, Sr.,

        Debtor/Objector,

-vs-

The Estate of Marion F. Riley, Jr.,

        Claimant.

Chapter 7
Case No.: 19-02789-dd

### OBJECTION TO CLAIM and MEMORANDUM IN SUPPORT

> **TO THE ABOVE-NAMED CLAIMANT. DEBTOR IN THIS CASE HAS FILED AN OBJECTION TO YOUR CLAIM. YOU SHOULD CONSULT YOUR ATTORNEY. YOUR CLAIM MAY BE AFFECTED.**

TO: Richard R. Gleissner, Esquire and The Estate of Marion F. Riley, Jr.:

PLEASE TAKE NOTICE that Debtor, by counsel, objects to the claim of the above-named claimant in the amounts set forth in Claim No.: 21, filed in the above-captioned case on or about December 10, 2019, and any amendments thereto by Richard R. Gleissner, Esquire, Gleissner Law Firm, LLC 1237 Gadsden Street, Suite 200A Columbia, SC 29201, pursuant to 11 USC §§ 501 and 502, and Rule 3007 of the Federal Rules of Bankruptcy Procedure (FRBP).

The grounds for Debtor's objection to the claim are:

    1.    The Proof of Claim filed by counsel lacks proper or supporting documentation for the claim, including, but not limited to the basis for the validity of or the amount of the claim.

    2.    The Proof of Claim fails to comply with Rules 3001 and 3002.

    3.    The Claim is included in Debtor's schedules as a disputed claim.

4. The Proof of Claim is based on allegations contained in a Third Party Complaint against Debtor in a state court proceeding alleging causes of action for negligence, conversion, outrage, breach of fiduciary duty, and breach of contract accompanied by a fraudulent act associated plaintiff's dealings with Allendale County Bank. However, the only attachment to the Proof of Claim was a copy of the Third Party Complaint. There were no affidavits, bank records, or other documents to support the bare allegations in the complaint. Nor was there any statement explaining the absence of documentation attached to the Proof of Claim as required by Fed. R. Bankr. P. 3001(c).

5. As discussed by Judge Waites in *In re Devey*, 590 B.R.706 (Bankr. D.S.C. 2018), Rule 3001 is clear and unequivocal in requiring written documentation or, in its absence, and explanation for that absence.

6. Because no supporting documentation is provided other than the Transcript of Judgment the Proof of Claim is not entitled to the presumption of validity or amount pursuant to Rule 3001(f). *In re Devey, supra, citing, inter alia, In re Hilton*, C/A No. 12-61102, 2013 WL 6229100, at *5 (Bankr. W.D. Va. Dec. 2, 2013) ("[C]ourts have held that failing to supply [required] documentation ... deprives the claim of prima facie validity.")

7. Because the Proof of Claim is not entitled to a presumption of validity, including as to the basis for and amounts of the alleged debts, the claim is in effect contingent and unliquidated.

8. The claim is not an "allowed claim" under 11 USC § 502(a), because the Proof of Claim fails to provide an adequate evidentiary basis for the validity or amount of the claims. It is consequently "speculative and unenforceable." *In re Devey, supra.*

9. Because the purported claim is unsupported by competent evidence, the evidentiary burden does not shift to the Debtor pursuant to § 502(a), rather claimant "had [both] the initial and the    ultimate burden of proof...to establish [his][c]laim." *Id.*

10. Claimant has failed to "satisfy [the] burden of establishing [his] claim, and therefore, like plaintiffs who fail to meet their burden in a state court trial, their right to recovery fails" and as a result, Debtor's objection is entitled to be sustained based (among other grounds) on the claimant's failure to establish the enforceability of his claim. *See, 11 USC § 502(b)(1) & (f)*.

11. Accordingly, Debtor is entitled to the dismissal or disallowance of the claim in its entirety. *Id., citing In re LJL Truck Center, Inc.,* 299 BR 663, 666 (Bankr MDGa 2003) (Claimants' failure to establish their purported causes of action or entitlement to damages under any cause of action, resulted in disallowance of the claim in its entirety.)

12. Debtor is further informed and believes that the underlying state court claim was based on specious legal and factual grounds, and would be unenforceable against Debtor, irrespective of the burden shifting effect of Rule 3001(f), based on the affidavit filed with this objection.

WHEREFORE, Debtor, by counsel, requests that claim, Claim No.: 21, be disallowed entirely, or, alternatively, be allowed as unsecured claims in the amount of $-0-.

PHILIP FAIRBANKS, ESQ., P.C.

/s/ Philip Fairbanks
Philip Fairbanks    DCID # 756
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580
Email: *chris@lowcountrybankruptcy.com*

Beaufort, South Carolina

January 8, 2020

# United States Bankruptcy Court
## District of South Carolina

In re __Walker Russell Harter, Sr.__                                   Case No. __19-02879__
                            Debtor(s)                                  Chapter    __7__

## CERTIFICATE OF SERVICE

I hereby certify that on __January 8, 2020__ a copy of __Objection to Claims and Memorandum in Support__ was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Richard R. Gleissner, Esquire
Gleissner Law Firm, L.L.C.
1237 Gadsden Street, Suite 200A
Columbia, South Carolina 29201

Attorneys for The Estate of Marion F. Riley, Jr.

/s/ Philip Fairbanks
Philip Fairbanks #756
Philip L. Fairbanks
1214 King Street
Beaufort, SC 29902
843-521-1580 Fax:843-521-1590